990 So.2d 99 (2008)
Conrad S.P. WILLIAMS, III
v.
James "Jimmy" FAHRENHOLTZ; and Jay Dardenne, In his Official Capacity as Secretary of State and Commissioner of Elections for the State of Louisiana.
No. 2008-CA-0961.
Court of Appeal of Louisiana, Fourth Circuit.
July 25, 2008.
Writ Denied July 30, 2008.
*100 Charles C. Bourque, Jr., Joseph G. Jevic, III, Melanie G. Lagarde, St. Martin Williams & Bourque, Houma, LA, and Benjamin D. Beychok, Beychok Law Firm, Baton Rouge, LA, for Conrad S.P. Williams, III.
Frank A. Milanese, Frank A. Milanese, PLC, New Orleans, LA, for James "Jimmy" Fahrenholtz.
Celia R. Cangelosi, Baton Rouge, LA, for Jay Dardenne, In his Official Capacity as Secretary of State.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME, Judge Pro Tempore Moon Landrieu).
*101 TERRI F. LOVE, Judge.
This appeal arises from the qualifying period for the United States House of Representatives from the Second Congressional District primary election. James "Jimmy" Fahrenholtz, appeals a trial court judgment disqualifying him as a candidate for the office of United States House of Representatives from the Second Congressional District, in the September 6, 2008 primary election. For the reasons that follow, we find that the trial court correctly found that James "Jimmy" Fahrenholtz falsely certified on his notice of candidacy that he did not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in La. R.S. 18:463(A)(2).

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
James "Jimmy" Fahrenholtz ("Mr. Fahrenholtz"), an Orleans Parish School Board member, qualified to run for the United States House of Representatives from the Second District, by filing his Notice of Candidacy (Qualifying Form) ("Form") on July 11, 2008, with the Louisiana Secretary of State's office. Mr. Fahrenholtz certified that he did not "owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act...." See La. R.S. 18:1481 et seq.
Conrad Williams, III ("Mr. Williams") filed a petition to disqualify the candidacy of Mr. Fahrenholtz alleging that he "made a false representation in his Notice of Candidacy" that he did not owe outstanding fines, fees, or penalties. Mr. Williams alleged that Mr. Fahrenholtz owed more than $31,000 in outstanding fines payable to the Campaign Finance Oversight Board for failing to file campaign finance reports or filing late reports. Therefore, Mr. Williams asserted that Mr. Fahrenholtz violated La. R.S. 18:1274, La. R.S. 18:463(A)(2)(a) and La. R.S. 18:492(5). Mr. Fahrenholtz then filed an exception of no cause of action asserting that candidates for the United States House of Representatives were exempt from the Campaign Finance Disclosure Act ("CFDA").
The trial court conducted a hearing on the matter on July 22, 2008. While the amount Mr. Fahrenholtz allegedly owed was disputed, the record reflects and the parties stipulated that Mr. Fahrenholtz owed approximately $15,000 in outstanding fines. The trial court overruled Mr. Fahrenholtz's peremptory exception of no cause of action and granted Mr. Williams' petition to disqualify finding that Mr. Fahrenholtz was governed by La. R.S. 18:463(A)(2)(a). It then disqualified Mr. Fahrenholtz based upon false certification, pursuant to La. R.S. 18:492, due to the outstanding fines and fees.
Mr. Fahrenholtz filed this timely appeal on July 23, 2008, asserting that the trial court incorrectly applied the CFDA to candidates for the United States House of Representative from the Second District.
Mr. Fahrenholtz assigns error to the judgment of the trial court by asserting that: 1) state election finance laws are preempted by the federal campaign finance law; 2) state law does not contemplate that federal candidates could be disqualified by failure to make the "certification;" 3) the language of the qualifying form expressly exempted federal candidates from compliance; and 4) the United States Constitution lists exclusive qualifications for United States Congressional office.

NO CAUSE OF ACTION
The peremptory exception of no cause of action is a legal question pursuant to La. C.C.P. art. 927. Questions of law are reviewed by appellate courts using the de *102 novo standard of review. Gutierrez v. Moezzi, 06-1395, p. 8 (La.App. 4 Cir. 4/11/07), 957 So.2d 842, 847. Additionally, election laws should be interpreted in favor of candidacy. Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869.
Mr. Fahrenholtz filed a peremptory exception of no cause of action alleging that he was not subject to the CFDA. The appellant maintains that "[t]he qualifications for members of the United States House of Representatives are found in the United States Constitution at Article I, Section 2, Clause 2. The Qualifications Clause ("Qualifications Clause") of the United States Constitution provides:
Section 2, Clause 2. Qualifications of Members
No Person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
Further, the Elections Clause of the United States Constitution (U.S. Const. Art. I, § 4, cl. 1) provides that state legislatures shall prescribe the times, places and manner of congressional elections; however, Congress is expressly given authority to make or alter such state regulations. Under this constitutional authority, states have the right to create those laws and regulations necessary to ensure the integrity and reliability of the election process.
Mr. Fahrenholtz asserts that the qualifications set forth in the Qualifications Clause are exclusive and that state law can not add to or take away from the stipulated qualifications therein.[1] However, the United States Supreme Court has found that "[s]tates are entitled to adopt `generally applicable and evenhanded restrictions that protect the integrity and reliability of the electoral process itself.'" U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 115 S.Ct. 1842, 131 L.Ed.2d 881 (1995), quoting Anderson v. Celebrezze, 460 U.S. 780, 788, n. 9, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). "These justifications are substantial, and reflect a legitimate and compelling state interest in orderly, consistent, and honest government." Joyner v. Mofford, 706 F.2d 1523, 1533 (1983).
The Legislature of Louisiana, necessarily vested with the power of prescribing regulations governing the election of its public officials, has determined that candidates must certify that they do not owe any outstanding fines, fees, or penalties pursuant to the CFDA. These statutes and this determination come before us with a presumption of validity, a very strong presumption in statutes regulating the conduct of elections.
In Louisiana State Bd. of Ethics v. Garrett, 06-0263, p. 6 (La.App. 4 Cir. 3/21/06), 929 So.2d 176, 179-180, this Court expounded on the CFDA's purpose as follows:
The purpose of the CFDA is to ensure that constituents are knowledgeable *103 with respect to the financing of election campaigns. It is imperative that the electorate has such information in a timely manner. The CFDA ensures this purpose by setting forth filing deadlines prior to and subsequent to an election. Candidates failing to file reports by the deadlines are subject to the imposition of late fees for failing to meet the statutory deadlines imposed.
In the matter sub judice, we do not find that the questioned statute imposes substantial qualifications upon the right to hold the office. Rather, the statute enforces legitimate state interests in governing campaign finance and a duty to protect the integrity of the political process. Thus, the trial court correctly overruled Mr. Fahrenholtz's exception of no cause of action.

Objection to Candidacy
This case is res nova relative to the application of La. R.S. 18:463 to a candidate for a congressional office.
The Louisiana Board of Ethics ("Board"), as the Supervisory Committee on Campaign Finance Disclosure, is statutorily charged with the duty of enforcing the CFDA pursuant to La. R.S. 18:1511.1(A). The Board is authorized by La. R.S. 42:1157 to automatically assess late fees for reports that are not timely filed according to the CFDA. La. R.S. 18:1505.4. The CFDA requires candidates for public office to file reports concerning the financing of their campaigns at scheduled intervals prior to and after an election. La. R.S. 18:1495.4(B) & 18:1532.
However, La. R.S. 18:1274 requires that:
[a]ny person desiring to become a candidate in a primary election for United States senator or representative in Congress shall file notification of his candidacy and declaration of his qualifications as provided for state candidates in Chapter 5 of this Title.
The manner of qualifying for election to public office in Louisiana is set forth in La. R.S. 18:461(A)(1), which provides, in pertinent part, that "[a] person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy." The information that must be included in a notice of candidacy is detailed as follows in La. R.S. 18:463(A)(1)(a):
A notice of candidacy shall be in writing and shall state the candidate's name, the office he seeks, the address of his domicile, the parish, ward, and precinct where he is registered to vote, and the political party, if any, with which he is registered as being affiliated.
Louisiana Revised Statutes 18:463(A)(2)(a) and (b) require a candidate to certify at the time of qualifying that he or she owes no outstanding fines pursuant to the CFDA:
§ 463. Notice of Candidacy; financial statements; political advertising; penalties
(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying that he has read the notice of his candidacy, that he meets the qualifications of the office for which he is qualifying, that he is not currently under an order of imprisonment for conviction of a felony, that he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to Article I, Section 10 of the Constitution of Louisiana, that he has attached to the notice of his candidacy the financial statement required by Subsection B of this Section, if applicable, that he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act (R.S. 18:1481 et seq.) if he is a candidate for any office other than United States senator, *104 representative in congress, or member of a committee of a political party, that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and that all of the statements contained in it are true and correct. The certificate shall be executed before a notary public or shall be witnessed by two persons who are registered to vote on the office the candidate seeks. If the candidate is serving outside the state with the armed forces of the United States, his notice of candidacy shall be witnessed by a commissioned officer in the armed forces of the United States. (b) For the purposes of this Paragraph, "outstanding fine, fee, or penalty" shall mean a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more assessed by order of the Supervisory Committee on Campaign Finance Disclosure pursuant to the Campaign Finance Disclosure Act which has been converted into a court order for which all appeals have been exhausted or a judgment of a district court assessing civil penalties pursuant to the Campaign Finance Disclosure Act which has become executory pursuant to R.S. 18:1511.5. "Outstanding fine, fee, or penalty" shall not mean any fine, fee, or penalty which has been paid in full or for which the candidate is in compliance with a payment plan established in writing between the Supervisory Committee on Campaign Finance Disclosure and the candidate.
Objections to candidacy are governed by La. R.S. 18:1401(A), which provides that "[a] qualified elector may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office in which the plaintiff is qualified to vote." The Election Code establishes that a false certification in this regard that is set forth in the "Notice of Candidacy" is a ground for disqualification of the candidate as follows:
La. R.S. 18:492(A)(5) provides:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
. . . .
(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).
The burden of proof and applicable principles in an election matter were enunciated by the Louisiana Supreme Court in Landiak v. Richmond, 05-0758, pp. 9-11 (La.3/24/05), 899 So.2d 535, 542-44:
Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. See Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869; Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051; Dixon v. Hughes, 587 So.2d 679, 680 (La.1991); Messer v. London, 438 So.2d 546 (La.1983).... Further, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." Becker, 03-2493 at 7, 854 So.2d at 869; Russell, 00-2595 at 4, 780 So.2d at 1051; Dixon, 587 So.2d at 680. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. Becker, 03-2493 at 7, 854 So.2d at 869; Russell, 00-2595 at 4, 780 So.2d at 1051; Dixon, 587 So.2d at 680.

*105 Qualifying Form Exemption

Mr. Fahrenholtz avers that the Form exempts federal candidates from compliance. Paragraph six on the Form states:
I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party [R.S. 18:463A(2)(a), 18:1481, et seq.] (Emphasis added).
Mr. Fahrenholtz is correct in that the Form does not contain the exact wording of La. R.S. 18:463. However, the provision clearly has two distinct independent clauses separated by a conjunction. We can discern no difference in the meaning between the language of the statute and that used on the form. Mr. Fahrenholtz violated the first clause when he falsely certified that he did not owe any outstanding fines. Therefore, we find this assertion lacks merit.
The record reflects that Mr. Fahrenholtz owed approximately $15,000 in fines. We find that there was sufficient evidence presented by Mr. Williams to establish a prima facie case for disqualification based on a false certification in the "Notice of Candidacy" filed by Mr. Fahrenholtz.

CONCLUSION
For the above stated reasons, we find that the trial court correctly disqualified Mr. Fahrenholtz as a candidate in the Second Congressional District for the United States House of Representatives. However, since the Court is equally divided on the correctness of the lower court's ruling, the decree will be contained in a separate per curiam.
McKAY, J., concurs.
MURRAY, J., dissents and assigns reasons.
TOBIAS, J., dissents and assigns reasons.
LOMBARD, J., dissents.
BELSOME, J., dissents for the reasons assigned by Judge MURRAY.
LANDRIEU, J. Pro Tempore, dissents with reasons.
PER CURIAM.
In this appeal by James "Jimmy" Fahrenholtz, five judges[1] would affirm the trial court and five judges would reverse the trial court. Pursuant to La. Const. Art. V, § 8(B) Parfait v. Transocean Offshore, 07-1915 and 07-1998, p. 1 (La.3/14/08), 980 So.2d 634, 635, the judgment of the trial court is affirmed, in that this Court could not render a majority decree.
MCKAY, J., concurs.
I would affirm the judgment of the trial.
MURRAY, J., dissents and assigns reasons.
Although I agree with the trial court's analysis of La. R.S. 18:463 A(2)(a), the language of the qualifying form at issue does not track the language of the statute. The statute provides in pertinent part as follows:
The notice of candidacy also shall include a certificate, signed by the candidate, certifying ... that he acknowledges *106 that he is subject to the provisions of the campaign Finance Disclosure Act (R.S. 18:1481 et seq.) if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party, that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and that all of the statement contained in it are true and correct.
LSA-R.S. 18:463 A(2)(a). In contrast, section six of the qualifying form provides as follows:
I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and I acknowledge that I am subject to the provisions of the campaign Finance Disclosure Act if I am a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party [R.S. 18:463 A(2)(a), 18:1481, et seq.]
This part of the form is conjunctive. It states that the candidate owes no outstanding fines, fees or penalties and is subject to the Campaign Finance Disclosure Act. Given that a candidate running for a Representative in Congress is not subject to the Act, the conjunctive language of the form is ambiguous. Based on the jurisprudence, such ambiguity must be construed in favor of allowing the candidate to run for office. As the Louisiana Supreme Court has stated, "[t]he laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office." Russell v. Goldsby, 2000-2595, p. 4 (La.0/22/00), 780 So.2d 1048, 1051 (citing Dixon v. Hughes, 587 So.2d 679 (La.1991)).
An even more compelling reason exists for reversing the trial court's judgment. The United States Constitution in Article I, Section 2, Clause 2, provides that "No Person shall be a Representative who shall not have attained the age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen." The Louisiana Legislature recognized that the State could not add qualifications for a Representative in Congress to those set forth in the United States Constitution when it provided in the Louisiana Election Code, La.R.S. 18:1275, the following:
B. No person shall be a representative in Congress who has not attained the age of twenty-five years and who has not been a citizen of the United States for seven years and who is not, when elected, an inhabitant of this state.
C. Notwithstanding any other provision of law to the contrary, the qualifications for ... members of the United States House of Representatives as provided in this section shall be exclusive.
Based on the clear language of the Louisiana Election Code, the imposition of any disqualifying factor other than those enumerated in the United States Constitution, which are codified in La. R.S. 18:1275(B), is precluded, La. R.S. 18:1275(C). For this reason, I would find the trial court erred in ruling that Mr. Fahrenholtz's failure to comply with the certification requirements of La. R.S. 18:463 A(2)(a) is a disqualifying factor that precludes him from running for office.
For these reasons, I would reverse the judgment of the trial court.
TOBIAS, J., dissents and assigns reasons.
I respectfully dissent although I agree with the decree in accordance with Forfait *107 v. Transocean Offshore, 07-1915 and 07-1998 (La.3/14/08), 980 So.2d 634, 635.
A review of the record reveals that defendant/appellant, James "Jimmy" Fahrenholtz, timely submitted all documents and fees required to qualify as candidate for the United States House of Representatives, Second Congressional District. Pursuant to instructions from the Louisiana Secretary of State, Fahrenholtz executed a form entitled "Notice of Candidacy-(Qualifying Form)", which contained the following language:
6. I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party [R.S. 18:463 A(2)(a), 18:1481, et seq.]
It is undisputed that Fahrenholtz has outstanding fines payable to the Campaign Finance Oversight Board in an approximate amount of $15,000.00; the fines are a matter of public record. However, believing that Campaign Finance Disclosure Act does not apply to candidates for the United States Congress, Fahrenholtz signed the certification.
Plaintiff/Appellee, Conrad S.P. Williams, III, filed the instant lawsuit against Fahrenholtz and Jay Dardenne, in his official capacity as Secretary of State and Commissioner of Elections for the State of Louisiana, to disqualify Fahrenholtz from running for federal office on the ground that his notice of candidacy certification regarding outstanding state campaign finance fines was "false."
The trial court rendered judgment on 22 July 2008, disqualifying Fahrenholtz as a candidate for the Second Congressional District for the United States House of Representatives. Fahrenholtz has filed the instant appeal, arguing that state election finance laws are preempted by federal law.
Article I, § 2, cl. 2 of the United States Constitution states:
No person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
In recognition of federal law, Louisiana has adopted the requirements to run for federal office in La. R.S. 18:1275:
A. No person shall be a United States senator who has not attained the age of thirty years and who has not been a citizen of the United States for nine years and who is not, when elected, an inhabitant of this state.
B. No person shall be a representative in Congress who has not attained the age of twenty-five years and who has not been a citizen of the United States for seven years and who is not, when elected, an inhabitant of this state.
C. Notwithstanding any other provision of law to the contrary, the qualifications for United States senators and members of the United States House of Representatives as provided in this Section shall be exclusive. [Emphasis added.]
Against this backdrop, we were called upon to examine La. R.S. 18:463, which sets forth the requirements for filing a notice of candidacy. One of the requirements states that the notice of candidacy include a certificate signed by the candidate certifying that he does not owe any outstanding fines, fees, or penalties pursuant to the Louisiana Campaign Finance *108 Disclosure Act, and that all statements contained in the notice are true and correct. La. R.S. 18:492 provides the grounds for objecting to a candidacy, stating in pertinent part:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
* * *
(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).
Reviewing again the notice of candidacy, I find this part of the form to be conjunctive.[1] It states that the candidate owes no outstanding fines, fees or penalties and is subject to the Campaign Finance Disclosure Act. Given that a candidate running for a Representative in Congress is not subject to the Campaign Finance Disclosure Act, the conjunctive language of the form is ambiguous. Based on the jurisprudence, such ambiguity must be construed in favor of allowing the candidate to run for office. As the Louisiana Supreme Court has stated, "[t]he laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office." Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051, citing Dixon v. Hughes, 587 So.2d 679 (La.1991).
It is undisputed that candidates for federal office are subject to the Federal Election Campaign Act ("FECA"), 2 U.S.C.A. § 431 et seq., whereby all federal campaign funds must be timely and accurately reported to the Federal Election Commission. It is further undisputed that candidates for federal office are not subject to Louisiana's Campaign Finance Disclosure Act, La. R.S. 18:1481, et seq.[2]
Thirty-nine years ago, in Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), the United States Supreme Court reviewed the history and text of the Qualifications Clauses[3] in a case involving an attempted exclusion of a duly elected Member of Congress. The principal issue was whether the power granted to each House in Art. I, § 5, cl.1, to judge the "Qualifications of its own Members" included the power to impose qualifications other than those set forth in the text of the Constitution. In the majority opinion, the Court held that it did not. Id. at 522, 89 S.Ct. at 1964.
It stands to reason that if Congress is without the power to impose any additional qualifications on it own members, then the Louisiana Legislature is likewise powerless to do so. However, were Fahrenholtz permitted to run for federal office, subsequently winning election, the Congress would be the appropriate entity to judge *109 Fahrenholtz's qualifications in light of the alleged false certification in his Notice of Candidacy filed with the Louisiana Secretary of State.
In United States Term Limits, Inc. v. Thornton, 514 U.S. 779, 115 S.Ct. 1842, 1847, 131 L.Ed.2d 881 (1995), the Court struck down an amendment to the Arkansas Constitution that prohibited the name of an otherwise eligible candidate for Congress from appearing on the general ballot if that candidate had already served a specified number of terms. The Court framed the issue in terms of "whether the Constitution forbids States from adding to or altering the qualifications specifically enumerated in the Constitution." The Court explicitly referred to term limits as "qualifications." Id. at 780, 115 S.Ct. at 1844 ("[t]erm limits, like any other qualification for office, unquestionably restrict the ability of voters to vote for whom they wish."). Similarly, the Court repeatedly used the term "qualifications" to refer to the age and residency requirements for membership in the United States Congress. The Court ultimately held that the challenged term limits amendment imposed an additional and unconstitutional "qualification" upon Congressional candidates that would effect a fundamental change in the Federal constitutional framework. Id. at 781, 115 S.Ct. at 1845.
Because I find the certification in the Notice of Candidacy ambiguous and in violation of both state and federal law by imposing an additional qualification on the ability of one to run for federal office, I would reverse the trial court and permit Fahrenholtz to run for United States House of Representatives, Second Congressional District.
LANDRIEU, J. PRO TEMPORE, dissents with reasons.
I respectfully dissent from the majority's opinion upholding the trial court's judgment disqualifying Mr. Fahrenholtz as a candidate in the Second Congressional District for the United States House of Representatives and adopt the reasons assigned by Judge Murray and Judge Tobias.
As further amplification of the ambiguity, paragraph 6 of the qualifying form could be understood as follows:
If I am a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party, I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act and I do not owe any outstanding fines, fees or penalties pursuant to the Campaign Finance Disclosure Act.
NOTES
[1] Mr. Fahrenholtz avers that the certification is an unconstitutional qualification. However, the constitutionality of a statute must first be questioned in the trial court and must be specifically pled. Vallo v. Gayle Oil Co., Inc., 94-1238 (La. 11/30/94), 646 So.2d 859, 863. Specifically, 1) the constitutionality of a statute must first be questioned in the trial court, not the court of appeal; 2) the plea of unconstitutionality must be specifically pleaded to be considered by the trial court; and 3) the attorney general is an indispensable party who must be served." Id., citing Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1311 (La.1984). Mr. Fahrenholtz's first mention of unconstitutionality was in a memorandum and not in a pleading, hence, constitutionality is not an issue under review by this Court. Hillman v. Akins, 93-0631 (La.1/14/94), 631 So.2d 1, 5.
[1] One member of the Court was recused and one was unavailable.
[1] "I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act, and I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States Senator, Representative in Congress, or member of a committee of a political party." [Emphasis added.]
[2] 2 U.S.C.A. § 453(a), of the Federal Election Campaign Act ("FECA") provides:

Subject to subsection (b) of this section, the provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office. [Emphasis added.]
[3] See U.S. Const. Art. I, § 2.