BONIN, J.,
concurs in the result with additional reasons.
Li concur in affirming the trial court judgment. I write separately, however, to express three aspects of the majority opinion with which I may differ.
First, I agree with the concurring opinion of JUDGE DYSART that neither plaintiff offered any proof whatsoever at the trial that either was a qualified elector as a precondition to maintaining a challenge under La. R.S. 18:491 A and, accordingly, failed to establish an essential element of the cause of action to disqualify Mr. Davenport.
Second, by failing to timely file a decli-natory exception of insufficiency of service of process and by appearing and participating in the expedited summary proceedings before the trial court, Mr. Davenport waived the objection of insufficiency of service of process. See La. C.C.P. arts. 925 C, 2593; see also Reed v. St. Charles General Hospital, 08-0430, p. 22 (La.App. 4 Cir. 5/6/09); 11 So.3d 1138,1153.
Third, with respect to the evenly split decision as well as the rationales expressed in Williams v. Fahrenholtz, 08-0961 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, I view the so-called “dissenting” opinions of Judges MurRay, Tobias, 12Belsome, and Lan-drieu[1] as dispositive of the issues presented in this case and find no need to distinguish Fahrenholtz in order to reach the result.

. Retired Judge Moon Landrieu of this court, having reached the mandatory retirement age, was appointed by the Louisiana Supreme Court to serve as judge pro tem during the vacancy occasioned by Judge Cannizzaro’s resignation from the court. See La. Const, art. 5, § 22(B).