LOVE, J.,
dissents and assigns reasons.
hi respectfully dissent from the majority’s opinion regarding standing and the merits of the plaintiffs objections to the qualification of Mr. Davenport.
The plaintiffs’ Objection to Candidacy and Petition to Disqualify Candidate provided the following:
Plaintiff herein, LAWRENCE GALLE, is a person of the full age of majority residing and domiciled in the State of Louisiana, Parish of Orleans; at all material times herein LAWRENCE GALLE was a registered voter and qualified elector in the Parish of Orleans and Louisiana’s Second Congressional District.
[[Image here]]
Plaintiff herein, ELIZA EUGENE, is a person of the full age of majority residing and domiciled in the State of Louisiana, Parish of St. John the Baptist; at all material times herein ELIZA EUGENE was a registered voter and qualified elector in the St. John the Baptist and Louisiana’s Second Congressional District.
La. R.S. 18:491 does not place a burden upon a plaintiff objecting to candidacy to prove by affidavit or otherwise that he/she is a registered voter qualified to vote in the election wherein the candidate is seeking elected office.
The proper procedural vehicle to object to a plaintiffs standing is through the usage of a peremptory exception of no right of action, which can be urged by the defendant or raised by the court sua sponte. Howard v. Administrators of Tulane Educ. Fund, 07-2224, p. 16 (La.7/1/08), 986 So.2d 47, 59. “A proper ^analysis of a no right of action exception requires a court to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit.” Id., 07-2224, p. 17, 986 So.2d at 60. “If the pleadings state a right of action in the plaintiff, the exceptor may introduce evidence to controvert the pleadings on the trial of the exception, and the plaintiff may introduce evidence to controvert any objections.” Id., 07-2224, pp. 16-17, 986 So.2d at 59.
Counsel for Mr. Davenport did not include an exception of no right of action based on the plaintiffs’ standing with the exceptions of insufficiency of service of process and no cause of action. The trial court never raised the issue of standing during the hearing on the merits. Accordingly, neither party was afforded an opportunity to introduce evidence to controvert the opposition, as standing did not become a known issue in the present matter until the trial court rendered its judgment. Although a trial court’s reasons for judgment are not controlling upon this Court, the reasons are nonetheless procedurally helpful, in that the record demonstrates that the plaintiffs were never permitted to contest the trial court’s beliefs as to standing. See Kaufman v. Adrian’s Tree Serv., Inc., 00-2381, p. 3 (La.App. 4 Cir. 10/31/01), 800 So.2d 1102, 1104. Thus, pursuant to La. C.C.P. art. 934 [1] I would remand the present matter to the trial court to afford the *66 plaintiffs an opportunity to amend their petition and defend against the trial court’s assertion that they lack standing. See Eubanks v. Hoffman, 96-0629, p. 2 (La.App. 4 Cir. 12/11/96), 685 So.2d 597, 598.
Assuming the plaintiffs have standing, I also dissent from the majority’s holding that the trial court did not err in denying the plaintiffs’ objection to Mr. Davenport’s candidacy. Mr. Davenport’s Notice of Candidacy included August |s20, 2014, as the primary election date and certified that he was “a duly qualified elector of’ St. John the Baptist Parish. Finally, Mr. Davenport certified that “[a]ll the statements contained herein are true and correct.”
Unlike the majority, I do not find that Williams v. Fahrenholtz, 08-0961 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, 101; writ denied, 08-1680 (La.7/30/08), 986 So.2d 671, is distinguishable. Both Fahrenholtz and the present matter involve the integrity of the information provided by candidates and sworn to, in regards to the truthfulness,. on the qualification forms. Five judges of this Court affirmed the trial court in Fahrenholtz, finding that Mr. Fahrenholtz should be disqualified based on the false certifications contained in his “Notice of Candidacy.” Fahrenholtz, 08-0961, p. 8; 990 So.2d at 105.
It is undisputed that Mr. Davenport was not a candidate in a primary election on August 20, 2014. It is also undisputed that Mr. Davenport is a registered voter of Jefferson Parish, as opposed to St. John the Baptist Parish. Accordingly, I find that Mr. Davenport should be disqualified from being a candidate in the election of the United States Representative for the Second Congressional District, as sufficient evidence established a prima facie case for disqualification based on a false certification in the “Notice of Candidacy” filed by Mr. Davenport. Therefore, unlike the majority, I find that the petition states a cause of action as to the false certifications as opposed to creating additional qualifications as a candidate.
Furthermore, Mr. Davenport’s exception of insufficiency of service of process fails based upon the provisions contained in La. R.S. 18:1407, which states:
By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy, contesting his qualification as a candidate in a general election, or contesting his election to office.
|4La. R.S. 18:1408 provides, in pertinent part, that:
A. If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, such service shall be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown by his qualifying papers.
It is undisputed that Arthur Morrell, Clerk of Court for Orleans Parish Criminal District Court, was served with the plaintiffs’ ' Objection to Candidacy and Petition to Disqualify Candidate on August 29, 2014, pursuant to La. R.S. 18:1407. Therefore, Mr. Davenport’s exception of insufficiency of service of process lacks merit. •

. La. C.C.P. art. 934: Effect of sustaining peremptory exception, provides: When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.