TOBIAS, J.,
dissents and assigns reasons.
|,I respectfully dissent.
I find the majority errs by granting a remand in this case.
I start with the jurisprudential rule that candidacies for public office are favored and the courts should uphold a candidacy if an interpretation of the laws would promote the candidacy. Landiak v. Richmond, 05-0758, p. 7 (La.3/24/05), 899 So.2d 535, 541; Becker v. Dean, 03-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869; Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051; Ogden v. Gray, 12-1314, pp. 3-4 (La.App. 4 Cir. 9/11/12), 99 So.3d 1088, 1091, ' writ denied, 12-2041 (La.9/17/12), 98 So.3d 315; Scaglione v. Juneau, 10-1109, p. 12 (La.App. 4 Cir. 8/4/10), 45 So.3d 191, 199, unit denied, 10-1831 (La.8/9/10), 42 So.3d 380; Williams v. Fahrenholtz, 08-0961, p. 7 (La.App. 4 Cir. 7/25/08), 990 So.2d 99, 104, writ denied, 08-1680 (La.7/30/08), 986 So.2d 671, cert, denied, 555 U.S. 1045, 129 S.Ct. 627, 172 L.Ed.2d 609 (2008). Because election laws must be interpreted to give the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified. See Landiak, pp. 6-7, 899 So.2d at 541.
*73 On appeal, Mr. Burns assigns the following errors: the trial court erred (1) by not granting him a continuance because he was not served with the petition and 1 ¡.citation until he appeared in court on 2 September 2014; (2) by not granting him adequate time to prepare for trial because he is a lawyer and thus an officer of the court; (3) by not giving him adequate time to secure counsel, witnesses, and necessary documentation, which are fundamental to his due process rights of notice and an opportunity to be heard; (4) by not allowing him to call Orleans Parish First Assistant District Attorney Graymond Martin regarding Mr. Martin’s contacting the Louisiana Department of Revenue on behalf of the plaintiff/appellee; and (5) by disqualifying him, giving him only the lunchtime break to retrieve his personal tax information and to bring his tax return preparer (who was unavailable) to court, although the court did allow him to proffer the information.
After the trial began, the trial court granted Mr. Burns’ request for a recess in order to obtain copies of his 2010-2013 tax returns from his Algiers office. Approximately an hour and forty-five minutes later, Mr. Burns presented tax returns bearing original signatures of himself and his tax preparer dated 14 August 2014. These tax returns appear in the record on appeal. Mr. Burns does not clearly explain how he possessed original tax returns; he seems to say that he signed two copies of each of his tax returns, left one with the tax preparer for mailing, and kept one with the cover letter of transmittal to him dated 11 August 2014 for his records.
I do not find erroneous the trial judge’s conclusions that Mr. Burns’ candidacy must be stricken and that he is disqualified to run for the office of district attorney. The trial judge implicitly concluded that Mr. Burns did not file his state income tax returns before he qualified for office on 20 August 2014 [1]. The finding is not manifestly erroneous or clearly wrong. If, as Mr. Burns contended in |3the trial court that his tax preparer mailed the returns on 14 August 2014 *, the returns clearly had not been received by the Louisiana Department of Revenue (“LDR”) by 29 August 2014 or during the 2 September 2014 trial, when the LDR witness was testifying I do not find it credible that he relied upon his tax preparer (as he testified) to timely mail the returns given the exigent circumstances.
I would reject the proffers of Mr. Burns and strike them as the appellees have so moved. He did not file the proffers in the trial court and they do not form a part of the record on appeal. No law or rule of court permits proffers to be filed in the first instance in an appellate court. Therefore, unlike the majority, I would not consider anything in the proffers.
If I were to consider the proffers, however, I note the following matters which make them questionable and unreliable.
Mr. Burns’ appellate brief was to be filed in this court by 1:00 p.m. on 5 September 2014. On 5 September 2014, he filed a motion requesting an extension of time to file his appellate brief later that day; the extension was granted. He delivered with his motion two proffers: (1) a purported affidavit of his tax return preparer (Monica Jackson, whose tax preparing service, “Error Proof Tax Service,” is apparently located somewhere west of New Orleans, such as LaPlace or Kenner, Louisiana), stating that she mailed his four *74 state tax returns to the LDR on 15 August 2014: and (2) a U.S. Postal Service certificate of mailing with a cancellation stamp/postmark from a branch post office in uptown New Orleans (zip code 70115) bearing the date of 15 August 2014.
This first purported original affidavit dated 5 September 2014 does not bear the signature of the tax preparer, Ms. Jackson; it is signed by two witnesses and the notary public only. Later on 5 September 2014, Mr. Burns filed a motion to ^supplement the record to replace the first purported affidavit. The second affidavit bears the signature of his tax preparer, Ms. Jackson. A comparison of the first purported affidavit with the second affidavit strongly suggests that the notary public and witnesses signed the document pri- or to the affiant and were not present when Ms. Jackson signed.[2] The signatures of the notary public and witnesses are identical in every respect whatsoever, including and even to the extent that the signature of the notary public crosses the handwritten number “5” in the date of the jurat at the precise same place. The handwritten word “September” in both ju-rats is distinctively identical with an imperfection in the “ep” of the word “September.” I do not place much credence or credibility in the second affidavit presented to this court on 5 September 2014. I would, therefore, reject this proffer.
The certificate of mailing is questionable. The certificate of mailing has no postage affixed as the certificate itself says should be and I wonder why a tax preparer would mail a letter in uptown New Orleans when her office is in Kenner and, as stated by Mr. Burns in oral argument, she resides in LaPlace. I would reject the proffer.
Mr. Burns statements about being unprepared ring hollow. Mr. Burns testified that he was unprepared for the 2 September 2014 trial because he did not know until that morning that a challenge to his candidacy had been filed by Mr. Russo. He asserts various versions of his actions over the preceding Labor Day weekend: that he was in Atlanta, Georgia visiting his minor son over the Labor Day weekend (29 August through 1 September); that he was halfway to Georgia and had to turn back because of this election contest; that he was at his 5740 Eastover Drive home (where service of the petition and citation was attempted three times) several times over the Labor Day weekend, which he later modified to |fisay that he was there only for about five minutes early Saturday morning, 30 August 2014. Mr. Burns’ credibility is obviously suspect in these regards.
The trial judge was under statutory item restraints to begin the trial of the case, and refused to recess the trial for yet a second time to permit Mr. Burns to bring his tax preparer into court the following day to testify that she mailed the tax returns prior to 20 August 2014 (the day Mr. Burns qualified for office with the clerk of court). I cannot say that the trial judge abused her discretion in refusing to entertain the second recess; it is apparent from the testimony the judge heard and evidence presented that the judge did not believe Mr. Burns.
Our statutory expedited procedures to challenge candidacy have been adhered to by the trial court. I do not find a remand in order. I would affirm the judgment of the trial court.
*75 , Further, Mr. Burns moved and the trial court granted a stay of her 3 September 2014 judgment. No law permits the granting of a stay in an election contest. I would order the stay entered by the trial court vacated.

. Later, if one were to believe the certificate of mailing as discussed infra, the correct date is 15 August 2014.

. It appears that the affidavit was notarized and witnessed in blank and then delivered to Ms. Jackson for her signature.