996 So.2d 1058 (2008)
Vera M. RAINEY
v.
ENTERGY GULF STATES, INC., et al.
No. 2008-C-2233.
Supreme Court of Louisiana.
December 12, 2008.
PER CURIAM.[*]
Writ granted. Entergy Gulf States, Inc. (Entergy) appealed the trial court's judgment wherein the trial court denied Entergy's statutory employer defense and awarded general and special damages to *1059 plaintiff. Sitting en banc, the First Circuit Court of Appeal found the trial court decision stands because the appellate court had no executable majority.[1]Rainey v. Entergy Gulf States, Inc., 06-0816, p. 7 (La. Ct.App. 1 Cir. 8/15/08), 993 So.2d 785, 739. The court observed that four of the judges would reverse the trial court, three would affirm the trial court's judgment or, alternatively, remand for the trial court to determine whether a statutory employer addendum to the contract between Entergy and ABB C-E Services, Inc. was timely executed before Rainey's accident, one judge would remand the matter to the trial court to determine this issue and three judges would dismiss the appeal on a finding that the court of appeal did not have jurisdiction.[2] In its disposition allowing the trial court judgment to stand, the court relied upon our decision in Parfait v. Transocean Offshore, Inc., 07-1915 (La.3/14/08), 980 So.2d 634, 636, and 639.[3]
Simultaneous with its decision that the trial court judgment would stand because there was no executable majority on the court of appeal, Rainey, 06-0816 at p. 7, 993 So. 2d at 739 the First Circuit Court of Appeal, en banc, denied a motion by plaintiffs and intervenor to dismiss the appeal. Three judges of the court of appeal dissented from this decision. Two of these three judges dissented from the court's per curiam opinion allowing the trial court judgment to stand, because they found the appellate court had no jurisdiction to reach the merits of Entergy's appeal. Rainey v. Entergy Gulf States, Inc., 06-0816 (La. Ct.App. 1 Cir. 8/15/08), 993 So.2d 735 (Judges Gaidry and Guidry, dissenting). Essentially, these two judges declined to reach the merits of the appeal and the appellate court determined it did not have an executable majority deciding the appeal.
Plaintiffs and Intervenor filed for a writ of certiorari from the appellate court's decision denying their motion to dismiss the defendant's appeal. We denied this writ. Rainey v. Entergy Gulf States, Inc., 08-2209 (La.12/12/08), ___ So.2d ___. In granting Entergy's writ application, we now remand this matter to the court of appeal in order for it to reach a majority opinion. Because we denied plaintiffs' and intervenor's writ application from the appellate court decision which denied their motion to dismiss the appeal, those judges who did not reach the merits of the appeal, because they found the court did not have jurisdiction, should now reach the merits upon remand, in order that the appellate court may reach an executable majority judgment.
NOTES
[*] Justice Weimer recused.
[1] Judge Hughes was recused.
[2] Although three judges dissented from the order denying plaintiffs' and intervenor's motion to dismiss the appeal for lack of jurisdiction, Judge Pettigrew, concurring in the per curiam allowing the trial court decision to stand because the court of appeal could not reach an executable majority, wrote:

I agree with the Honorable Judge Gaidry that we have no jurisdiction to reach the merits of Entergy's appeal, as expressed and articulated in his dissenting opinion on the plaintiff's motion to dismiss the appeal. However, the majority of this court found otherwise; and, thus, I feel compelled to address the merits. I find no legal or manifest error on the part of the trial court and would affirm the judgment of the trial court.
[3] In Parfait, a plurality of this Court held that because an en banc panel of the court of appeal was evenly split, there was not a majority to reverse or modify the trial court's damages award, the effect of which was to affirm the trial court's judgment on damages as rendered. Parfait, 07-1915 at p. 8, 980 So.2d at 639.