PER CURIAM.
| tIn an August 15, 2008 per curiam, this court sitting en banc decreed that the “trial court judgment stands” because this court had no executable majority to support a judgment. Rainey v. Entergy Gulf *879 States, Inc., 06-0816 (La.App. 1st Cir.8/15/08), 993 So.2d 735. The supreme court then granted Entergy Gulf States, Inc.’s writ application, and in a December 12, 2008 per curiam, the supreme court remanded the matter to this court. Rainey v. Entergy Gulf States, Inc., 08-2233 (La.12/12/08), 996 So.2d 1058. Therein, the supreme court directed that the judges who had declined to reach the merits of the appeal because they found this court lacked jurisdiction “should now reach the merits ... in order that the appellate court may reach an executable majority judgment.” Id., 08-2233 at p. 2, 996 So.2d at 1058. Those judges have complied with the supreme court’s instructions, and a majority of the judges of this court now either agree or concur with Judge Kuhn’s August 15, 2008 concurring opinion. Rainey v. Entergy Gulf States, Inc., 06-0816, 993 So.2d at 741. Thus, a majority of the judges of this court find the trial court erred in concluding that Entergy Gulf States, Inc. was not Vera M. Rainey’s statutory employer at the time of her fall at Entergy’s Willow Glen facility.
Accordingly, that portion of the trial court’s May 31, 2007 judgment, which denied Entergy’s affirmative defense “of Vera Rainey’s status as Entergy’s statutory employee” is reversed, and the remaining portions of the judgment are vacated. Further, all claims of James A. McAllister, Joanne Mays, and Leonard A. Cardenas, III, against Entergy are dismissed.
REVERSED IN PART, VACATED IN PART, AND RENDERED.
GUIDRY, J., concurs.
WHIPPLE and PETTIGREW, JJ., dissent and assign reasons.
CARTER, C.J., and DOWNING, J., dissent for the reasons assigned by WHIPPLE, J.
WELCH, J., dissents.