STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
P.O. Box 16577
Lake Charles LA 70616
(337) 433-9403

Dawn L. Morris
Law Office of Dawn L. Morris
1106 Coolidge Blvd., Suite A
Lafayette LA 70503

Larry Lane Roy
Preis & Roy
P. O. Drawer 94-C
Lafayette LA 70509

Catherine Marie Landry
Preis, Kraft & Roy
P. O. Drawer 94-C
Lafayette LA 70509


**REHEARING ACTION: September 9, 2009**


**Docket Number: 08   00900-CA**

**S. J., ET AL.**
**VERSUS**
**LAFAYETTE PARISH SCHOOL BOARD**

**Appealed from Lafayette Parish Case No. C-20051082**


**BEFORE JUDGES**:

**Hon. Ulysses Gene Thibodeaux**
**Hon. Sylvia R. Cooks**
**Hon. John D. Saunders**
**Hon. Jimmie C. Peters**
**Hon. Shannon J. Gremillion**

As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Lafayette Parish School Board** has this day been

> **DENIED.**
> Thibodeaux, C. J., would grant the rehearing.
> Cooks, J., would deny for the reasons assigned.
> Peters, J., would grant the rehearing.


cc: Kay Karre Gautreaux, Counsel for the Appellee
    Jeffery F. Speer, Counsel for the Appellant

Cooks, J. voting to deny,

Defendant, Lafayette Parish School Board, has filed an application for rehearing specifically complaining that the majority decision rendered by this court is constitutionally defective and not "executable" because a majority of the five judge panel failed to concur "on all issues" in the case. Defendant now directs the five panel members to the Supreme Court's decisions in *Parfait v. Transocean Offshore, Inc.*, 2007-1915/2007-1998 (La. 3/14/08), 980 So.2d 634 and *Rainey v. Entergy Gulf States, Inc.*, 2008-2233 (La. 12/12/08), 996 So 2d 1058. I have reviewed these cases carefully; and, now suggest that the defense should carefully review the holdings in *Butler v. Zapata Haynie, Corp.*, 94-1171 (La. 7/5/94), 639 So.2d 1186; *Derbofen v. T.L. James & Co., Inc.*, 355 So.2d 963 (La. App. 4 Cir. 1977); and *Vincent v. Vincent*, 2005/1175 (La. App. 4 Cir., 1/10/07), 949 So.2d 535. Also all that can be fairly surmised from the holding in *Parfait*, with only three signing the *Per Curiam*, is that *Butler* is still good law and applies in this case. Here, three of the judges on the panel agree that the Lafayette Parish School Board is liable in some proportion for the harm suffered by plaintiffs and plaintiffs are entitled to an award of damages. All three agree that the trial judge clearly erred in failing to find the Board liable at all. Two judges joined in finding the School Board was 25% at fault and agreed to award $100,000 to C.C. and $20,000 to S.J. I authored the majority opinion, and in a separate concurrence stated: "I concur in the result because it provides a measure of relief for the harm caused to C.C. and her mother." Simply stated I agree that the Board is liable and the trial judge erred in failing to find so. I also agree the plaintiffs are entitled to damages in an amount at least as great as that awarded by two of the panel members and the School Board is at minimum 20% at fault as found by these members. The Constitution only requires that a "majority" of a five judge panel

"must concur to render judgment." A majority of this court did just that. There is no basis for rehearing.