TOBIAS, J.,
concurs and assigns reasons.
hA review of the record reveals that defendant/appellant, Gary C. Landrieu, timely submitted all documents and fees required to qualify as candidate for the United States House of Representatives, Second Congressional District. Pursuant to instructions from the Louisiana Secretary of State, Mr. Landrieu executed a form entitled “Notice of Candidacy-(Qualifying Form),” which contained the following language:
9. I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that I do not owe any outstanding fines, fees or penalties pursuant to the Campaign finance [sic] Disclosure Act.
The record fails to reflect whether Mr. Landrieu has outstanding fines payable to the Campaign Finance Oversight Board. However, believing that Campaign Finance Disclosure Act (“CFDA”) does not apply to candidates for the United States Congress, Mr. Landrieu signed the certification.
Plaintiff/Appellee, Cedric L. Richmond, filed the instant lawsuit against Mr. Lan-drieu and Tom Schedler, in his official capacity as Secretary of State and Commissioner of Elections for the State of Louisiana, to disqualify Mr. Landrieu lafrom running for federal office on the ground that his notice of candidacy certification regarding outstanding state campaign finance fines was “false.”
The trial court rendered judgment on 2 September 2014, disqualifying Mr. Lan-drieu as a candidate for the Second Congressional District for the United States House of Representatives. Mr. Landrieu has filed the instant appeal, arguing, inter alia, that state election finance laws are preempted by federal law. I agree with Mr. Landrieu.
Article I, § 2, cl. 2 of the United States Constitution states:
No person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
In recognition of federal law, Louisiana has adopted the requirements to run for federal office in La. R.S. 18:1275:
A. No person shall be a United States senator who has not attained the age of thirty years and who has not been a citizen of the United States for nine years and who is not, when elected, an inhabitant of this state.
B. No person shall be a representative in Congress who has not attained the age of twenty-five years and who has not been a citizen of the United States for seven years and who is not, when elected, an inhabitant of this state.
C. Notwithstanding any other provision of law to the contrary, the qualifications for United States senators and members of the United States House of Representatives as provided in this *49 Section shall be exclusive. [Emphasis added.]
Against this backdrop, I examine La. R.S. 18:463, which sets forth the requirements for filing a notice of candidacy. One of the requirements states that the notice of candidacy include a certificate signed by the candidate certifying that he does not owe any outstanding fines, fees, or penalties pursuant to the CFDA and that all statements contained in the notice are true and correct. La. R.S. 18:492 provides the grounds for objecting to a candidacy, stating in pertinent part:
| aA. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
[[Image here]]
(5) The defendant falsely certified on his notice of candidacy that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act as provided in R.S. 18:463(A)(2).
Reviewing again the notice of candidacy, I find this part of the form to be ambiguous. On the one hand, the first part of numbered paragraph 9 of the form indicates that one is not subject to the CFDA when one is a candidate for congressional office and then continues to talk about not owing fines, fees, and penalties. One can read the clauses conjunctively. Given that a candidate running for a Representative in Congress is not subject to the CFDA, the conjunctive language of the form creates ambiguity. Based on the jurisprudence, such ambiguity must be construed in favor of allowing the candidate to run for office. As the Louisiana Supreme Court has stated, “[t]he laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office.” Russell v. Goldsby, 00-2595, p. 4 (La.9/22/00), 780 So.2d 1048, 1051, citing Dixon v. Hughes, 587 So.2d 679 (La.1991).
It is undisputed that candidates for federal office are subject to the Federal Election Campaign Act (“FECA”), 52 U.S.C.A. § 30101 et seq., whereby all federal campaign funds must be timely and accurately reported to the Federal Election Commission. It is further undisputed that candidates for federal office are not subject to Louisiana’s Campaign Finance Disclosure Act, La. R.S. 18:1481 et seq.[1]
|4In Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969), the United States Supreme Court reviewed the history and text of the Qualifications Clauses in a case involving an attempted exclusion of a duly elected Member of Congress.[2] The principal issue was whether the power granted to each House in Art. I, § 5, cl.l, to judge the “Qualifications of its own Members” included the power to impose qualifications other than those set forth in the text of the Constitution. In the majority opinion, the Court held that it did not. Id. at 522, 89 S.Ct. 1944.
It stands to reason that if Congress is without the power to impose any additional qualifications on its own members, then the Louisiana Legislature is likewise pow *50 erless to do so. However, if Mr. Landrieu wins the election, the Congress would be the appropriate entity to judge his qualifications in light of the alleged false certification in his Notice of Candidacy filed with the Louisiana Secretary of State.
In United States Term Limits, Inc. v. Thornton, 514 U.S. 779,115 S.Ct. 1842,131 L.Ed.2d 881 (1995), the Court struck down an amendment to the Arkansas Constitution that prohibited the name of an otherwise eligible candidate for Congress from appearing on the general ballot if that candidate had already served a specified number of terms. The Court framed the issue in terms of “whether the Constitution forbids States from adding to or altering the qualifications specifically enumerated in the Constitution.” The Court explicitly referred to term limits as “qualifications.” Id. at 837, 115 S.Ct. 1842 (“[t]erm limits, like any other qualification for office, unquestionably restrict the ability of voters to vote for whom they wish.”). Similarly, the Court repeatedly used the term “qualifications” to refer to the age and residency requirements for membership in the United States Congress. The Court ultimately |fiheld that the challenged term limits amendment imposed an additional and unconstitutional “qualification” upon Congressional candidates that would effect a fundamental change in the Federal constitutional framework. Id.
To the extent that one might argue that the Williams v. Fahrenholtz, 08-0961 (La.App.4 Cir.7/25/08), 990 So.2d 99, writ denied 08-1680 (La.7/30/08), 986 So.2d 671, cert, denied Fahrenholtz v. Williams, 555 U.S. 1045, 129 S.Ct. 627, 172 L.Ed.2d 609 (2008), is precedent or support for the position that the trial court’s decision should be affirmed, I note that this court’s decision is not precedent for anything, the court having split evenly on a five-to-five vote,[3] and the denial of a writ application is likewise not precedent for anything. State v. Williams, 00-1725, p. 4 n. 3 (La.11/28/01), 800 So.2d 790, 795; St. Tammany Manor, Inc. v. Spartan Building Corp., 509 So.2d 424, 428 (La.1987). Further, the notice of candidacy form now before us reads differently from that in Williams v. Fahrenholtz.
Because I find the certification in the Notice of Candidacy ambiguous and in violation of both state and federal law by imposing an additional qualification on the ability of one to run for federal office, I concur in the majority’s decision to reverse the trial court and permit Mr. Landrieu to run for United States House of Representatives, Second Congressional District.

. 52 U.S.C.A. § 30143(a) states:
Subject to subsection (b) of this section, the provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with
respect to election to Federal office. [Emphasis added.]

. See U.S. Const. Art. I, § 2.

. Under Parfait v. Transocean Offshore, Inc., 07-1915, 07-1998 (La.3/14/80), 980 So.2d 634, an even split of the judges in the court of appeal operates only to leave the trial court’s decision undisturbed.