LMAX N. TOBIAS, JR., Judge.
The plaintiff, Charleen Perez, appeals the trial court’s judgment granting exceptions of venue and prescription in favor of the defendants, William T. Finn and State Farm Mutual Automobile Insurance Company (“State Farm”). For the following reasons, we affirm.
On 16 April 2003, Ms. Perez filed a petition for damages against Mr. Finn and his insurer, State Farm, in connection with an automobile accident that occurred on 19 April 2002. The petition, filed in the Civil District Court for the Parish of Orleans, alleged Ms. Perez was a resident of Ascension Parish, Mr. Finn was a resident of St. Charles Parish, and the accident occurred in Orleans Parish. Service of the petition was perfected on State Farm on 1 May 2003. Mr. Finn was served on 20 May 2003.
On 25 July 2003, Mr. Finn and State Farm filed exceptions of improper venue and prescription, arguing that the accident occurred in Jefferson Parish, not Orleans Parish. The exception of prescription was based on the premise that the action was commenced in a court of improper venue and service of process was not made within *587 one year of the accident. See, La. C.C. art. 3462.
|2The trial court heard the matter on 4 June 2004. In connection with the exceptions, Mr. Finn and Karen Moore (a witness who came upon the scene shortly after the accident) each executed affidavits wherein they swore the accident occurred in Jefferson Parish. Specifically, both stated that the accident happened on I — 10 eastbound between the Causeway and Bonnabel Boulevard exits. The depositions of Mr. Finn and Ms. Moore, corroborating the statements made in the affidavits, were also introduced into evidence. In opposition to the exceptions, Ms. Perez submitted her own affidavit stating that the accident occurred in Orleans Parish. We note that Ms. Perez gave no particular reference as to where along I — 10 she thought the accident occurred.
The police were not called to investigate the accident; therefore, no accident report exists to document the exact location of the accident. Ms. Perez filed an incident report (Form SR-10) with the Louisiana Department of Safety and Corrections, wherein she indicated that the accident occurred in Orleans Parish. Neither Mr. Finn nor State Farm filed a Form SR-10 in connection with the accident.
The matter was taken under advisement; judgment was rendered on 2 August 2004, granting the exceptions of improper venue and prescription. Ms. Perez filed this devolutive appeal, arguing that the trial court erred in granting the exceptions.
The factual conclusions of the trial court are reviewed by the appellate court under the manifest error/ clearly wrong standard as articulated in Stobart v. State Through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Rosen v. State Farm, Mutual Automobile Insurance Co., 03-1744, p. 14 (La.App. 4 Cir. 3/17/04), 870 So.2d 1057, 1066; and Crain v. Pletka, 35,636, pp. 5-6 (La.App. 2 [|3Cir. 1/23/02), 806 So.2d 950, 954. If the findings of the trial court are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobarb, 617 So.2d at 882, 883.
Venue is defined as the “parish where an action or proceeding may properly be brought and tried under the rules regulating the subject.” La. C.C.P. art. 41. In the present case, venue would have been proper in St. Charles Parish (the parish of Mr. Finn’s domicile pursuant to La. C.C.P. art. 42(1)), in East Baton Rouge Parish (as designated by La. C.C.P. art. 42(7) for foreign insurers such as State Farm), or in the parish where the accident occurred pursuant to La. C.C.P. art. 74.
Regarding the latter, the trial court determined that, as urged by Mr. Finn and his witness, Ms. Moore, the accident happened in Jefferson Parish. Based on that finding, the trial court ruled that the suit was filed in a court of improper venue and because neither of the defendants was served within the prescriptive period, prescription was not interrupted.
Mr. Finn stated in his deposition that the accident happened on I — 10 between the Causeway and Bonnabel exits as he was traveling from his home in Destrehan to his office in downtown New Orleans. Ms. Moore stated in her deposition that she was also traveling eastbound on 1-10 on 19 April 2002 between 7:00 a.m. and 7:30 a.m. She explained that when she came upon the accident scene, she saw Mr. Finn and a woman standing outside of their cars in the middle lane of the 1-10 between the Causeway and Bonnabel exits. Ms. Moore recognized Mr. Finn as an *588 acquaintance from her neighborhood. Ms. Moore did not stop at the accident scene but later spoke to Mr. Finn about what she observed. Ms. Moore was sure that the accident could not have happened in Orleans Parish because she would necessarily [¿have exited the I — 10 onto the 1-610 in route to her son’s school and would not have still been on the 1-10 after it crossed the parish line.
After a thorough review of the record, we find there is more than ample evidence to support the trial court’s finding that the accident occurred in Jefferson Parish. We are not permitted under the appellate standard of review to reverse this factual finding for it is neither manifestly erroneous nor clearly wrong. We also take judicial cognizance of the fact that the span of the I — 10 between Causeway and Bonnabel Boulevards is in fact located in Jefferson Parish. La.C.E. art. 201. We thus affirm the trial court’s judgment sustaining the defendants’ exception of venue.
Because Ms. Perez filed her suit in an improper venue, ordinarily it would be improper for the trial court to proceed to the next stage and rule upon the exception of prescription. Having found that venue was not proper in Orleans Parish, the trial court should have transferred the suit to a court of proper venue, i.e., the parish of St. Charles, Jefferson, or East Baton Rouge to handle the remainder of the case. See, Marler v. Petty, 94-1851, p. 7 (La.4/10/95), 653 So.2d 1167, 1171; Wooley v. Executive Risk Indemnity, Inc., 04-1541, pp. 4-5 (La.App. 4 Cir. 3/2/05), 896 So.2d 372. The court in the parish of proper venue would then rule upon whether Ms. Perez’s suit was filed timely, considering (a) the provisions of La. C.C. arts. 3462, (b) Ms. Perez’s arguments that prescription was interrupted because State Farm acknowledged liability, and (c) State Farm’s arguments as to the applicability of La. R.S. 22:661.
In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878, 879 (La.1981), the Supreme Court stated:
LA court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. In cases in which peremptory exceptions are overruled, appellate courts generally do not exercise supervisory jurisdiction, since the exceptor may win on the merits or may reurge the exception on appeal.
This general policy, however, should not be applied mechanically. When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. [Footnote omitted.]
Although arguably Herlitz is distinguishable because it deals with the issue of whether an appellate court should review on an application for supervisory writ the correctness of a trial court’s decision overruling a peremptory exception when the ruling is apparently incorrect, we find that application' of the rule of Marler, supra, should not be mechanically applied. La. C.C.P. art. 2164. In the case at bar, all fact evidence relating to the peremptory exception of prescription is before this court; should we find that the trial court did not err in finding the Ms. Perez’s case is prescribed, our ruling will terminate the litigation between the parties. Judicial efficiency warrants our review of the merits *589 of the present appeal so that the parties will not waste their time or money on the matter further. We therefore proceed to determine whether the trial court erred in sustaining the defendants’ peremptory exception of prescription. Id.
Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. La. C.C. art. 3462, governing the interruption of prescription, provides:
| (¡Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
As we stated above, venue would have been proper in St. Charles Parish (the parish of Mr. Finn’s domicile pursuant to La. C.C.P. art. 42(1)), in East Baton Rouge Parish (as designated by La. C.C.P. art. 42(7) for foreign insurers such as State Farm), or in the parish where the accident occurred pursuant to La. C.C.P. art. 74. Ms. Perez’s suit was, however, filed in a court of improper venue.
As described above, service of Ms. Perez’s suit was made upon each defendant more than one year after the date of the accident. Therefore, under the literal language of article 3462, her suit is prescribed.
Ms. Perez next argues that the trial court should have found that prescription was interrupted because State Farm acknowledged liability. In support of this argument, she relies on the fact that State Farm paid the property damage on her vehicle and that State Farm led her to believe that the rest of her claim would be paid. State Farm counters that there is no proof of an acknowledgement and relies on La. R.S. 22:661, which it contends makes the property damage payment irrelevant.
La. R.S. 22:661 provides:
No settlement made under a motor vehicle liability insurance policy of a claim against any insured there under arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer’s recognition of such liability, with respect to any other claim arising from the same accident or event.
1 ./Acknowledgement is governed by La. C.C. art. 3464, which provides that “[prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.” Acknowledgment is the recognition of the creditor’s right or obligation, and has the legal effect of halting the progression of prescription before its course has run. Lima v. Schmidt, 595 So.2d 624, 631 (La.1992). Acknowledgement interrupting prescription of a right may be oral or written, formal or informal, and express or tacit. La. C.C. art. 3464, Revision Comments (e). A tacit acknowledgment occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing that he will not contest liability. Lima at 632. Conversely, mere settlement offers or conditional payments, humanitarian charitable gestures, and recognition of disputed claims will not constitute acknowledgments. Id. at 634.
Under the jurisprudence, when a settlement offers is made without an admission of liability, there is no acknowl- *590 edgement. See, Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1979); Rosen, supra; Crain, supra; Barbarin v. Wal-Mart Stores, 01-669, pp. 5 (La.App. Cir. 5 Cir. 11/27/01), 804 So.2d 116, 118.
In Rosen, the plaintiffs argued that the defendant insurance company’s payment of their property damage claim, as well as the insurance adjuster’s oral admissions of liability, was sufficient to constitute an ac-knowledgement of liability and thus interrupted prescription. In support of their position that the insurer acknowledged liability, the Rosen plaintiffs introduced correspondence reflecting settlement negotiations and presented three witnesses who testified that the insurance adjuster verbally admitted liability. The trial court found that the ^plaintiffs did not establish that an acknowledgement of liability had occurred and granted the defendants’ exception of prescription. We affirmed the decision of the trial court, finding that the payment of property damages did not bear any weight on whether prescription was interrupted and, further, that the settlement discussions were simply a recognition of a disputed claim, not an admission of liability or an acknowledgement.
In the present case, Ms. Perez made no attempt to introduce live testimony to support her claim of an acknowledgement of liability. The sole evidence presented by Ms. Perez was State Farm’s payment of her property damage and the written correspondence between State Farm and her attorney. The correspondence introduced into evidence primarily consisted of requests for and production of Ms. Perez’s medical documentation and State Farm’s production of photographs taken of Ms. Perez’s vehicle. From a review of the evidence, it is clear that while the language in the correspondence suggests State Farm’s willingness to negotiate a settlement, when reasonably considered these documents do not evidence an acknowledgment of liability. Neither does the record show that the adjuster ever orally communicated an acknowledgment of liability to Ms. Perez or her attorney. Moreover, it is undisputed that State Farm’s adjuster advised Ms. Perez’s attorney to file the lawsuit before the approaching prescription date. The action was ultimately filed within the prescriptive period; however, it was filed in the wrong venue and, thus, did not interrupt prescription.
The trial court found no acknowledgement of liability. Upon our examination of the record, and consistent with our holding in Rosen, we do not find that the trial court erred.
|3For the foregoing reasons, we affirm the trial court’s granting of the exceptions of improper venue and prescription.
AFFIRMED.