DENNIS R. BAGNERIS, SR., Judge.
[ iAppellant, Gary C. Landrieu (“Lan-drieu”), appeals a September 2, 2014 judgment, which ordered his disqualification as a candidate for the United States House of Representatives for the Second Congressional District. For the following reasons, we hereby reverse the judgment of the trial court.
FACTS
On August 20, 2014, Landrieu filed a “Notice of Candidacy” seeking to qualify for the office of United States Representative for Louisiana’s Second Congressional *45 District in an election to be held on Tuesday, November 4, 2014. Thereafter, on August 29, 2014, Cedric L. Richmond (“Richmond”) filed an Objection to Candidacy and Petition to Disqualify Landrieu alleging that Landrieu’s Notice of Candidacy provided grounds for objection under Louisiana Revised Statute 18:492. Also made defendant in this lawsuit is Tom Schedler, solely in his official capacity as Louisiana Secretary of State.
Richmond argues in his petition that Landrieu should be disqualified because he signed a certification that he did not owe any outstanding fines, fees, or penalties when Landrieu did in fact owe approximately $700.00 in fines and fees to the Louisiana Board of Ethics. Attached to the petition were: (1) a copy of 12Landrieu’s notice of candidacy, where he certified that he owed no outstanding fines, fee or penalties; and (2) copies of late fee assessment orders against Landrieu from the Louisiana Board of Ethics from April 14, 2014.
Although service was made on the Clerk of Court as agent for Landrieu, Landrieu was not personally served by the Civil Sheriff until after the hearing, on September 2, 2014 at 10:55 a.m.[2] In light of Lan-drieu’s absence at the hearing, the trial court appointed attorney Dennis W. Moore as curator ad hoc to represent Landrieu’s interests.
Following a hearing on Richmond’s objection to candidacy, the trial court rendered judgment granting the petition to disqualify Landrieu as a candidate for the United States House of Representatives for the Second Congressional District. Landrieu now appeals this final judgment.
DISCUSSION
On appeal, Landrieu essentially argues that he was not provided with proper notice of the suit and hearing, and that the trial court erred in disqualifying him from the congressional candidacy without proof that the alleged fee, fine or penalty was in fact due on August 20, 2014.
With regard to the sufficiency of service and notice of the petition objecting to the candidacy, La. R.S.18:1406 provides, in part:
Petition; answer; notification
A. An action objecting to the calling of a special election, objecting to candidacy, or contesting any election shall be instituted by filing a petition in a court of competent jurisdiction and venue and posting a copy of the petition in a conspicuous place at the entrance of the office of the clerk of court where the petition is filed.
|SB. The petition shall set forth in specific detail the facts upon the objection or contest is based....
C. The defendant shall be served with citation directing him to appear in court no later than 10:00 a.m. on the fourth day after suit was filed, subject, however, to the provisions of R.S. 18:1408(D). The defendant is not required to answer the petition, but if he answers, he shall do so prior to trial.
La. R.S. 18:1407 provides:
Appointment of agent for service of process
By filing notice of candidacy a candidate appoints the clerk of court for each parish in which he is to be voted on as his agent for service of process in any action objecting to his candidacy, contesting his qualification as a candidate in a second *46 party primary election or in a general election, or contesting his election to office.
La. R.S. 18:1408 provides:
Service of process; sending notice and copies; documents to be filed
A. If service of process is to be made on the appointed agent, as authorized by R.S. 18:1407, such service shall be made by serving citation on this agent, but at the same time that service is made on the appointed agent, a diligent effort shall be made to make personal service on the defendant at his domiciliary address as shown by his qualifying papers.
B. When service is made on the appointed agent, he shall immediately send notice thereof, together with a copy of the citation, by certified mail, return receipt requested, or by commercial courier as defined in R.S. 1S:3204(D), when the person to be served is located outside of this state, to addressee only, to the defendant at his domiciliary address as listed in his notice of candidacy. If the appointed agent has reason to believe that the candidate is temporarily absent from his domiciliary address as listed in his notice of candidacy, he shall give additional notice to the candidate in the manner required by this Subsection by mailing a copy of the citation to any place where the candidate temporarily resides.
|4C. Proof of mailing, certified by the official mark of the United States Postal Service, or by commercial courier as defined in R.S. 13:3204'(D), when the person to be served is located outside of this state, along with the return receipt if received by the agent, shall be filed in the proceedings.
D. Service of process on and citation of the appointed agent, together with the posting of the petition as provided in R.S. 18:1406, shall be sufficient service
to give the trial court jurisdiction over the person of the defendant.
La. R.S. 18:1409 provides, in part:
Trial; decision; appeal
A. (1) Actions objecting to the calling of a special election, objecting to candidacy, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.
(2) If the trial defendant does not appear on the date set for the trial, either in person or through counsel, the court shall appoint an attorney at law to represent him by instanter appointment made prior to the commencement of the trial. In a case where a court appointment of an attorney to represent the defendant is made, the proceedings shall be conducted contradictorily against the court-appointed attorney.
In this case, we find that the record reflects compliance with these provisions of law as (1) service was made on the Clerk of Court through Arthur Morrell, (2) a copy of the petition was posted on the fourth floor leading to the Clerk of Court’s office as well as the first floor of the courthouse, and (3) the Sheriff made an attempt to serve Landrieu on August 29, 2014 at the address listed on his notice of candidacy, and eventually served Landrieu on September 2, 2014. Thus, we find that Landrieu was provided proper notice as required for due process.
The second issue for this Court to address is whether Richmond carried his burden of proof to establish a prima facie case that Landrieu owed, on the date he [sexecuted his qualifying form, any late fees under the Campaign Finance Disclosure Act.
The person objecting to the candidacy of a person bears the burden of *47 proof. Landiak v. Richmond, 05-0758, p. 6 (La.3/24/05), 899 So.2d 585, 541. “Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified.” Id. However, once the party bearing the burden of proof has established a 'prima facie case, the burden then shifts to the opposing party. As the Louisiana Supreme Court stated in Landiak:
Generally, the legal term “burden of proof’ “denotes the duty of establishing - by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law.” Black’s Laxo Dictionary (8th ed). Under Louisiana’s civil law, the “burden of proof’ may shift back and forth between the parties as the trial progresses. Therefore, when the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. Stated another way, the party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence. On the other hand, once the party bearing the burden of proof has established a prima facie case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party’s prima facie case.
Landiak v. Richmond, 05-0758, p. 8, 899 So.2d 535, 542.
Although Richmond attaches copies of late fee assessment orders against Lan-drieu from the Louisiana Board of Ethics from April of 2014, he fails to establish a prima facie case that Landrieu had late fees pending on August 20, 2014. In fact, when asked by the trial court whether the State knew if the fines had been paid, the State responded that it did not know. Thus, we find that Richmond Rfailed to establish a prima facie case that Landrieu should be disqualified. Further, the parties do not dispute that Landrieu possesses the necessary qualifications required under Article 1, Section 2; Clause 2 of the United States Constitution in that he is over twenty-five years of age and has been a United States citizen for more than seven years[3]. Accordingly, after reviewing this record, we find that Richmond failed to carry his burden of proof to establish a prima facie case that Landrieu owed, on the date he executed his qualifying form, any late fees under the Campaign Finance Disclosure Act. Because our decision regarding this issue is dispositive of this case, we need not address Landrieu’s motion to strike and thus, deny the motion as moot.
For the reasons stated above, the judgment of the trial court is hereby reversed. Landrieu’s candidacy for the office of United States Representative of Louisiana’s Second Congressional District is hereby reinstated.
REVERSED; MOTION TO STRIKE DENIED.
TOBIAS, J., concurs and assigns reasons.
No Person shall be a Representative who shall not have attained to the Age of twenty
five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
*48 BELSOME, J., concurs in the result and assigns reasons.
BONIN, J., concurs with additional reasons.
LOBRANO, J., concurs for the reasons assigned by Judge TOBIAS.
JENKINS, J., concurs in the result.
McKAY, C.J., dissents with reasons.
LOMBARD, J., dissents.

. The record contains copies of the sheriff returns for August 29th, 2014, as well as September 2, 2014.

. The United States Constitution, Article I, § 2, sets forth the qualifications for members of the United States House of Representatives as follows: