BELSOME, J.,
concurs with additional reasons.
hi agree with the majority’s decision to vacate the trial court’s judgment disqualifying the defendant as a candidate for the office of District Attorney for Orleans Parish. Yet again, we are posed with the narrow issue of whether the State legislature may enact additional qualifications for State candidates beyond what is required by the Louisiana Constitution.
The plaintiffs’ objection to the defendant’s candidacy primarily involves whether he failed to comply with the directives set forth in La. R.S. 18:46s.[1] Specifically, the plaintiff alleges that the defendant should be' disqualified, under |2La. R.S. 18:463(A)(2)(a)(iv) because he falsely certified that he had filed his federal and state income tax returns for the previous five ■ years.
La. Const. Art. V, Sec. 26 sets forth only two qualifications for candidates of the office of District Attorney: “[h]e shall have been admitted to the practice of law in the state for at least five years prior to his election and shall have resided in the district for the two years preceding election.” Although our justice system has always favored candidacy, see Becker v. Dean, OS-2493, p. 7 (La.9/18/03), 854 So.2d 864, 869; La. R.S. 18:463 has evolved into a list of qualifications/disqualifications that promotes the exclusion of otherwise constitutionally qualified candidates.
Although this case presents an issue slightly distinguishable from those involving a federal constitutional article:[2] the principal remains the same: an act of legislature should not circumvent a constitutional article, whether state or federal. Given that these extensive statutory qualifications are not enumerated in our State *76 Constitution, the plaintiffs challenge to the defendant’s candidacy must fail. As a result, this writer would reverse/vacate the trial court judgment, dismiss the plaintiffs action, and reinstate the defendant’s candidacy.

. La. R.S. 18:463(A)(2)(a) provides, in pertinent part, as follows:
The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(i) That he has read the notice of his candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
(iii) That he is not currently under an order of imprisonment for conviction of a felony and that he is not prohibited from qualifying as a candidate for conviction of a felony pursuant to Article I, Section 10 of the Constitution of Louisiana.
(iv) Except for a candidate for United States senator or representative in congress, that for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.
(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Dis-
closure Act if he is a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
(vi) That, if he is a major or district office candidate as defined in R.S. 18:1483, he has filed each report he has been required to file by the Campaign Finance Disclosure Act, if any were previously due.
(vii) That he does not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics.
(viii) That all of the statements contained in it are true and correct.

. See Eugene and Galle v. Davenport et al., 2014-953 (La.App. 4 Cir. 9/9/14), 150 So.3d 56, 2014 WL 4437624 and Richmond v. Landrieu et al, 2014-957 (La.App. 4 Cir. 9/9/14), 150 So.3d 43, 2014 WL 4437315 (complete cites not available as cases will be handed down within a twenty-four hour period.)