WHIPPLE, C.J.
12Plaintiffs appeal the district court’s judgment denying their objection to the candidacy of Kenneth Cutno for the office of United States Representative, Second Congressional District. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Cutno qualified to run for the office of United States Representative, Second Congressional District, on July 21, 2016, by filing a “Notice of Candidacy” form. Cutno signed the form, certifying, among other things, as follows:
9. I acknowledge that I am subject to the provisions of the Campaign Finance Disclosure Act if I am a candidate for any office other than United States senator, representative in congress, or member of a committee of a political party and that I do not owe any outstanding fines, fees, or penalties pursuant to the Campaign [Fjinance Disclosure Act.
# ⅜* *
11. I do not owe any outstanding fines, fees, or penalties pursuant to the Code of Governmental Ethics. [Emphasis added.]
*1172 On July 29, 2016, plaintiffs, Leila Eames, Med Cullins, Betty Parker, and Josephine Strong, as registered voters ■within the congressional district, filed an objection to. Cutno’s candidacy, contending that Cutno should be disqualified from running as a candidate for the office of United States Representative, Second Congressional District, because he falsely certified in his Notice of Candidacy that he did not owe any outstanding fines pursuant to the Louisiana Campaign Finance Disclosure Act (“the CFDA”), La. R.S. 18:1481 et seq., or the Code of Governmental Ethics, La, R.S. |a42:1101 et seq., when in fact he owed outstanding fines as a result of his failure to timely file two required campaign finance disclosure reports.[1]
A hearing in the matter was conducted by the district court on August 1,2016. At the hearing, plaintiffs presented testimony and evidence to establish that Cutno was assessed a $240.00 late fee[2] for the untimely filing of a 30th Day Prior to Primary (30-P) Campaign Finance Disclosure Report and a $600.00 late fee for the untimely filing of a 10th Day Prior to General (10-G) Campaign Finance Disclosure Report, both in connection with Cutno’s candidacy for the office of State Representative, 102nd District, in the October 24, 2015 election. Plaintiffs also established that as of the time Cutno qualified as a candidate for the office of United States Representative, Second Congressional District, on July 21, 2016, those assessments were final and remained unpaid.
Cutno acknowledged to the court that he could not establish that he had paid those assessments, but argued that under federal law, he is qualified to run for the office of United States Representative, He further argued that while he may not be able to quality to run for a state-elected position under state law, federal law would preempt or’supersede state law as to his qualifications for the federal office of United States Representative.' Cutno also asserted that the Notice of Candidacy form he 1 completed stipulates that the condition in Paragraph 9 (as quoted above) does not apply to candidates for the offices of United States Senate and Representative in Congress. Thus, he averred that according to the Notice of Candidacy, he was within his legal rights to qualify for that office.
At the close of the hearing, the district court found as a' fact" that' plaintiffs had established that Cutno owed outstanding fines assessed pursuant to the’ CFDA. Nonetheless, the court concluded that this fact did not disqualify Cutno from candidacy for the office of United States Representative. Specifically, the court' found paragraph 9 of the Notice of Candidacy form to be ambiguous in that it contained a certification that the candidate is subject to the CFDA unless he or she is a candidate for Congress, but then also contained a certification that the candidate did not owe any outstanding fines or fees pursuant to the CFDA. Then noting that the law is *1173 to be liberally construed in favor of candidacy, the court concluded that state laws should not add any further requirements for qualification for the office than are required by federal law.
Accordingly, by judgment dated August 4, 2016, the district court denied plaintiffs’ objection to Cutno’s candidacy. From this judgment, plaintiffs appeal. Pursuant to La. R.S. 18:1409(F) of the Election Code, we have granted expedited consideration of this appeal.
LAW AND ANALYSIS
The laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy. Becker v. Dean, 2003-2493 (La.9/18/03), 854 So.2d 864, 869. Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to one’s candidacy bears the burden of proving the candidate is disqualified. Landiak v. Richmond, 2005-0758 (La.3/24/05), 899 So.2d 535, 541. Once the party bearing the burden of proof in an objection to candidacy case has established a ‘prima facie case that the candidate is disqualified, the burden shifts to the party opposing the disqualification to rebut the showing. See Landiak, 899 So.2d at 542, 544-548. If that party is unable to successfully rebut the evidence establishing the prima facie case for disqualification, the objection to the candidacy is to be sustained, and the candidate is to be disqualified. La. R.S. 18:494(A).
With regard to the qualifications for the office of United States Representative, United States Constitution article I, section 2, clause 2 (“the Qualifications Clause”) sets forth the qualifications for membership to the United States House of Representatives as follows:
No person shall be a Representative who shall not have attained to the Age of twenty five Years, and been seven Years a' Citizen of the United States, and who shall not, when elected, be an Inhabitant of that State in which he shall be chosen.
See also La. R.S. 18:1275(B). The three qualifications prescribed by the Qualifications Clause are exclusive, and neither a state constitution nor state law can add to nór take away from such qualifications.[3] U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 805, 115 S.Ct. 1842, 1856, 131 L.Ed.2d 881 (1995) (“[A]ny state power to set the qualifications -for membership in Congress must derive not from the reserved powers of state sovereignty, but rather from the delegated powers of national sovereignty. In the absence of any constitutional delegation to the States of power to add qualifications to those enumerated in the Constitution, such a power does not exist.”); see also La. R.S. 18:1275(C) and Strong v. Breaux, 612 So.2d 111, 112 (La.App. 1st Cir.), writ denied, 604 So.2d 584 (La.1992).
IrUn the other hand, with regard to establishing candidacy for United States Congress in Louisiana, the Louisiana Election Code provides that any person desiring to become a candidate for United States Senator or Representative in Congress “shall file notification of his candidacy and declaration of his qualifications as provided for state candidates in Chapter 5 of this Title.” La. R.S. 18:1274. The provisions of Chapter 5 instruct that to qualify *1174 as a candidate for public office, a candidate is required to file a Notice of Candidacy. La. R.S. 18:461. Specifically, La. R.S. 18:463(A) provides that the candidate shall certify in the Notice of Candidacy, among other things, that, at the time of qualifying, he owes no outstanding fines pursuant to the CFDA, as follows:
(2)(a) The notice of candidacy also shall include a certificate, signed by the candidate, certifying all of the following:
(i) That he has read the notice of candidacy.
(ii) That he meets the qualifications of the office for which he is qualifying.
[[Image here]]
(v) That he acknowledges that he is subject to the provisions of the Campaign Finance Disclosure Act if he is a candidate for office other than United States senator, representative in congress, or member of a committee of a political party and that he does not owe any outstanding fines, fees, or penalties pursuant to the Campaign Finance Disclosure Act.
[[Image here]]
(viii) That all of the statements contained in it are true and correct. [Emphasis added.]
Pursuant to the Election Code, grounds for disqualification of the candidate exist where the candidate falsely certifies in the Notice of Candidacy that the candidate owes no outstanding fines, fees, or penalties pursuant to the |7CFDA. La. R.S. 18:492(A)(5); State, Board of Ethics v. Darby, 2006-1058 (La.App. 3rd Cir.8/24/06), 937 So.2d 929, 932.
Nevertheless, plaintiffs argue on appeal that the certification requirements in La. R.S. 18:463(A), which may at times restrict a potential candidate from qualifying, do not constitute an additional “qualification” for the office of United States Representative within the meaning of the Qualifications Clause. Rather, they contend that by virtue of the Elections Clause of the United States Constitution, U.S. Const, art. I, § 4, cl. 1, the state legislature has the power to regulate the “manner” of elections and that La. R.S. 18:463(A) “serves only to regulate access to the ballot to ensure the integrity and reliability of the election process.”
The Elections Clause of the United States Constitution grants state legislatures the authority to prescribe the “times, places and manner” of congressional elections, while reserving to Congress the express authority to make or alter such state regulations. Williams v. Fahrenholtz, 2008-0961 (La.App. 4th Cir.7/25/08), 990 So.2d 99, 102, writ denied, 2008-1680 (La.7/30/08), 986 So.2d 671, cert. denied, 555 U.S. 1045, 129 S.Ct. 627, 172 L.Ed.2d 609 (2008) The United States Supreme Court has held that the Elections Clause grants the states broad power to prescribe the procedural mechanisms for holding congressional elections, noting that the “manner” of elections that states are authorized to prescribe encompasses matters such as “notices, registration, supervision of voting, protection of voters, prevention of fraud and corrupt practices, counting of votes, duties of inspectors and canvassers, and making and publication of election returns.” Cook v. Gralike, 531 U.S. 510, 523-524, 121 S.Ct. 1029, 1038, 149 L.Ed.2d 44 (2001) (quoting Smiley v. Holm, 285 U.S. 355, 366, 52 S.Ct. 397, 399, 76 L.Ed. 795 (1932)).
Is Applying this explanation of the term “manner” of elections that states are authorized to prescribe, plaintiffs argue that Louisiana’s Notice of Candidacy is unquestionably a “notice” and the CFDA certainly encompasses Louisiana’s interest in the “prevention of fraud and corrupt prac *1175 tices” with respect to campaign finance. Thus, they contend that the restriction against candidacy set forth in La. R.S. 18:463(A)(2)(a)(v), when a candidate cannot correctly and honestly certify that he does not have any outstanding fines, fees or penalties pursuant to the CFDA, is an authorized state law under powers granted to the State by the Elections Clause.
Accordingly, the question before the court is whether La. R.S. 18:463(A), in requiring candidates for the office of United States Representative to certify that they do not owe any outstanding fines, fees, or penalties pursuant to the CDFA (and, conversely, restricting from candidacy one who cannot so certify), imposes an additional qualification upon a candidate for that office in violation of the Qualifications Clause of the United States Constitution and La. R.S. 18:1275(B) and (C), or whether this provision merely prescribes the manner of congressional elections as the State is authorized to do pursuant to the Elections Clause of the United States Constitution. Although this issue has been touched upon in two opinions rendered by the Louisiana Fourth Circuit Court of Appeal, it has not been squarely decided.
In Williams v. Fahrenholtz, the Fourth Circuit Court of Appeal addressed the issue of whether the district court was correct in disqualifying a candidate for the United States House of Representatives on the basis that the candidate falsely certified on his Notice of Candidacy that he did not owe any outstanding fines, fees, or penalties pursuant to the CFDA. Similar to Cutno herein, the candidate in Williams argued that candidates for United |9States Representative were exempt from the CFDA, an argument which the district court apparently rejected in disqualifying him. Ultimately, the appellate court was equally divided on the correctness of the district court’s ruling disqualifying the candidate and, thus, issued a per curiam decree affirming the district court judgment on the basis that it could not render a majority decree. Williams, 990 So.2d at 105.
However, in an opinion written by one judge who voted to affirm the district court’s disqualification of the candidate, and with whom three other judges agreed and one concurred, the judge reasoned that through the Elections Clause of the United States Constitution, which grants states the power to prescribe the “times, places and manner of congressional elections,” subject to congressional regulation, states have the right to create those laws and regulations necessary to ensure the integrity and reliability of the election process. Williams, 990 So.2d at 102. The judge then concluded that the requirement that candidates certify that they do not owe any outstanding fines, fees, or penalties pursuant to the CFDA did not impose substantial qualifications upon the right to hold the office in violation of the Qualifications Clause. Rather, the judge concluded that the statute enforced legitimate state interests in governing campaign finance and a duty to protect the integrity of the political process. Williams, 990 So.2d at 102-103.
On the other hand, three dissenting judges concluded that because a candidate for a representative in Congress is not subject to the CFDA, the conjunctive language of the qualifying form at issue therein, which stated that the candidate owed no outstanding fines, fees or penalties pursuant to the CFDA and is subject to the CFDA if a candidate for any office other than the listed offices which included a representative in Congress, was | ^ambiguous. The dissenting judges further asserted that based on the jurisprudence, such ambiguity must be construed *1176 in favor of candidacy. Williams, 990 So.2d at 105-109 (Murray, J., dissenting; Tobias, J., dissenting; and Landrieu, J. Pro Tem-pore, dissenting).
Additionally, the dissenting judges noted that pursuant to the Qualifications Clause of the United States Constitution and La. R,S. 1-8:1275, there were only three qualifications for the office of United States Representative and that the imposition of any other disqualifying factor is precluded. Williams, 990 So.2d at 106-109 (Murray, J., dissenting; Tobias, J., dissenting; and Landrieu, J. Pro Tempore, dissenting). However, because no majority could be reached, neither of these competing positions became the opinion of the court.
More recently, in Richmond v. Landrieu, 2014-0957 (La.App. 4th Cir.9/9/14), 150 So.3d 43, 44-45, the Fourth Circuit was again faced with a- challenge to the candidacy -of a candidate for the office of United States Representative on the basis that the candidate had falsely certified that he had no outstanding fines owed pursuant to the CFDA. Because the plaintiff failed to establish that the late fee assessments made several months prior to the qualifying period were still owing on the date the candidate qualified for the election, the appellate court determined that the plaintiff therein had failed to present a prima facie case that the candidate falsely certified that he had no late fee assessments under the CFDA. Thus, the appellate court reversed the district court’s judgment disqualifying the candidate. Richmond, 150 So.3d at 47.
Several judges concurred in the opinion to further note their positions that the Notice of Candidacy form was either ambiguous or in violation of state and federal law by imposing an additional qualification on the ability of |none to run for federal office or both. Richmond, 150 So.3d at 48-51 (Tobias, J., concurring; Belsome, J., concurring; and Bonin, J„ concurring). On the other hand, one judge, in dissenting reasons, relied on the grant of power to the state legislature through the Elections Clause of the United States Constitution to prescribe the times, places, and manner of congressional elections, noting that the “manner” in which a candidate qualifies for election to public office is provided for in the Louisiana Election Code. The judge further reasoned that “[sjurely, the State of Louisiana has a compelling interest to adopt procedures, requirements and even restrictions to protect the integrity of the electoral process.” Thus, the dissenting judge concluded that the district court had not erred in disqualifying the candidate for failure to qualify in the manner provided for in the Louisiana Election Code. Richmond, 150 So.3d at 53-55 (McKay, C.J., dissenting).
While the Fourth Circuit in Williams and Richmond was unable to definitively resolve the . issue of whether the certification provisions of La. R.S. 18:463(A) and in the Notice of Candidacy that the candidate does not owe any outstanding fines, fees, or penalties pursuant to the CDFA imposes an additional qualification upon a candidate for the office United States Representative in violation of the Qualifications Clause of the United States Constitution and La. R.S. 18:1275(B) and (C), or whether this provision merely prescribes the manner of congressional elections to protect the integrity of the, electoral process, as the State is authorized to do pursuant to the Elections Clause of the United States Constitution, the issue is now squarely before this court. In concluding that the district court properly denied plaintiffs’ objection to Cutno’s candidacy, we are persuaded by the dissenting opinions in Williams and the concurring opinions in Richmond.
*1177 |1gAt the outset, we note that plaintiffs’ petition makes no allegation that Cut-no does not meet the qualifications set forth in the Qualifications Clause of the United States Constitution to be elected and serve as a member of the United States House of Representatives. Because a State cannot impose additional qualifications on an individual for becoming a member of the United States House of Representatives, questions of certifications in the Notice of Candidacy as to any outstanding fines or fees under the CFDA are irrelevant as to candidates seeking election to that office. See Eugene v. Davenport, 2014-0953 (La.App. 4th Cir.9/9/14), 150 So.3d 56, 61 (questions on Notice of Candidacy as to parish of domicile and parish in which candidate is qualified elector, which are not qualifications listed in U.S. Const. art. I, § 2, cl. 2 for membership in the United States House of Representatives, are irrelevant as to candidates seeking election to that office); also see generally LaCombe v. McKeithen, 2004-1880 (La.App. 1st Cir.8/30/04), 887 So.2d 48, 53-54, writ denied, 2004-2240 (La.9/2/04), 882 So.2d 588 (notably absent from the exclusive list of qualifications for members of the United States House of Representatives set forth in La. R.S. 18:1275(B), which tracks the language of U.S. Const, art. I, § 2, cl. 2, is a requirement that a candidate list a party affiliation).
Moreover, candidates for federal office are subject to the Federal Election Campaign Act, 52 U.S.C. § 30101 et seq., which requires that all federal campaign funds must be timely and accurately reported to the Federal Election Commission, and those candidates are not subject to the CFDA. 52 U.S.C. § 30143(a) (“[sjubject to subsection (b) of this section, the provisions of this Act, and of rules prescribed under this Act, supersede and preempt any provision of State law with respect to election to Federal office”). Thus, to the extent that the required certification in the Notice of | ^Candidacy set forth in La. R.S. 18:463(A)(2)(a)(v) (as well as in paragraph 9 of the Notice of Candidacy form , actually signed by Cutno) requires a candidate for the office of United States Representative to acknowledge that he is not subject to the provisions of the CFDA, but then continues with a statement about the candidate not owing any outstanding fines, fees or penalties pursuant to the CFDA, we find the statute and related Notice of Candidacy form to be ambiguous. In light of the fact that a candidate for the office of United States Representative is not subject to the CFDA, the use of “and” in La. R.S. 18:463(A)(2)(a)(v) and in paragraph 9 of the Notice of Candidacy form, which could be read either conjunctively or as two separate requirements, creates an ambiguity, which must be construed in favor of allowing the candidate to run for office. See Richmond, 150 So.3d at 49 (Tobias, J., concurring).
As stated above, the laws governing the conduct of elections must be liberally construed so as to promote rather than defeat candidacy. Becker, 854 So.2d at 869. Moreover, any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for office. Russell v. Goldsby, 2000-2595 (La.9/22/00), 780 So.2d 1048, 1051. Thus, to the extent that ambiguity exists as to whether La. R.S. 18:463(A)(2)(a)(v) and paragraph 9 of the Notice of Candidacy form impose greater qualifications on a candidate for the office of United States Representative than those imposed by the United States Constitution, we construe these provisions in favor of allowing the candidate to run for office. Accordingly, because plaintiffs failed to allege that Cut-no did not meet the qualifications for the *1178 office of United States Representative set forth in the Qualifications Clause of the United States Constitution, and further construing the provisions of La. R.S. 18:463(A)(2)(a)(v) and paragraph 9 of |uthe Notice of Candidacy form liberally in favor of candidacy, we affirm the district court’s August 4, 2016 judgment denying plaintiffs’ objection to Cutno’s candidacy.
CONCLUSION
For the above and foregoing reasons, the August 4, 2016 judgment denying plaintiffs’ objection' to the candidacy of Kenneth Cutno for the office of United States Representative, Second Congressional District, is affirmed. Costs of this appeal are assessed equally against plaintiffs, Leila Eames, Med Cullins, Betty Parker, and Josephine Strong.
AFFIRMED.
CRAIN, J., concurs with reasons.
THERIOT, J., concurs with reasons.
McDONALD, J., dissents.
HIGGINBOTHAM, J., dissents.
McCLENDON, J., dissents for reasons assigned.

. The Code of Governmental Ethics requires certain elected officials and public servants to file annual personal financial statements, which requirements are likewise imposed on candidates for those affected offices. La. R.S. 42:1124-1124,4; La. R.S. 18:1495,7. However, the allegations in the Objection to Candidacy and the evidence offered at trial of this matter relate only to Cutno’s untimely filing of campaign finance disclosure reports. Thus, these provisions of the Code of Governmental Ethics are not at issue herein.

. Notably, an "[o]utstanding fine, fee, or penalty pursuant to the Campaign Finance Disclosure Act” is defined in La. R.S. 18:463(A)(2)(c)(i) as "a fine, fee, or penalty equal to an amount of two hundred fifty dollars or more assessed by order of the Supervisory Committee on Campaign Finance Disclosure-”

. In addition to the three exclusive qualifications set forth in U.S. Const, art. I, § 2, cl. 2, several other constitutional provisions authorize the disqualification of a candidate for various reasons not pertinent herein. See Powell v. McCormack, 395 U.S. 486, 520 n. 41, 89 S.Ct. 1944, 1963 n. 41, 23 L.Ed.2d 491 (1969).